# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Romulo Antonio Portillo,

    Plaintiff

v.

United States of America,

    Defendants

2:17-cv-00394-JAD-GWF

**Order Granting Motion to Dismiss and Closing Case**

[ECF No. 22]

    Plaintiff Romulo Portillo sues the United States of America under the Federal Tort Claims Act (FTCA) for the Federal Bureau of Prison's (BOP) alleged miscalculation of his time in incarceration. Portillo has already been given one opportunity to amend his complaint. Because I lack subject matter jurisdiction over his claim, I dismiss the amended complaint and close this case.

## Background

    Portillo alleges that he was prosecuted by federal authorities in the United States District Court for the District of Columbia.[1] He pled guilty to one of the five counts in the indictment, and he was sentenced by United States District Judge Royce C. Lamberth.[2] On September 9, 2013, Judge Lamberth imposed a 66-month sentence, with 18 months to be credited for time already served in El Salvador and 22 months to be credited for time served in the United States prior to pleading guilty.[3] After those time-served credits were applied, Portillo would be sentenced to an actual term of 26 months, minus any good-time credits applied later.[4]

    On May 7, 2015, Judge Lamberth issued an order finding that the BOP had "refused to give [Portillo] credit for the 18 months served in El Salvador," in violation of his sentencing

---

[1] ECF No. 21 at 3.

[2] *Id.*

[3] *Id.*

[4] *Id.*

order.[5] Judge Lamberth ordered Portillo's sentence reduced to time served, and the BOP released him the next day.[6]

When Portillo was released on May 8, 2015, approximately 20 months had passed—six months short of the term imposed by Judge Lamberth. However, Portillo alleges that he was entitled to 9 months and 15 days of good-time credit, meaning that his actual sentence should have been 16 months and 14 days.[7] Based on his calculations, he argues that he was "incarcerated 3 months longer than necessary."[8]

Portillo alleges tort actions for negligence and intentional infliction of emotional distress under the FTCA, to redress the BOP's failure to "ensure that his incarceration would be no longer than necessary."[9] The government moves to dismiss the complaint for lack of subject matter jurisdiction, or alternatively, for failure to state a claim.[10] I agree that I lack subject matter jurisdiction over this claim because it cannot be raised under the FTCA, and therefore sovereign immunity protects the United States from Portillo's suit.

## Discussion

**A.    Legal standards**

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived sovereign immunity."[11] The question of whether sovereign immunity has been waived must be

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] ECF No. 22.

[11] *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

1 | strictly construed in favor of the United States.[12]

"The FTCA acts as a waiver of the United States' traditional sovereign immunity for certain torts committed by its employees."[13] It allows tort claims for actions that, under the state law of the place where the act or omission took place, a private individual could be found liable for under like circumstances.[14] When determining whether a private analogue to a public official's actions exists, a court must determine whether a private person could be liable under similar or corresponding circumstances.[15] "To recover under the FTCA, the [plaintiff] must show the government's actions, if committed by a private party, would constitute a tort [under state law]."[16] Also, "[t]he breach of duty created by federal law is not, by itself, actionable under the FTCA."[17]

**B.     Portillo's allegations do not amount to an FTCA claim.**

Portillo's square facts do not fit into the round hole of the FTCA. He maintains that the BOP's failure to follow Judge Lamberth's initial sentencing order and its negligence in properly calculating his sentence amount to breaches of a duty owed to prisoners. Portillo cites D.C. Code § 24-442 for the proposition that the District of Columbia imposes a duty to "exercise reasonable care in the safekeeping of prisoners."[18]

First, Portillo's basis for this "duty" stems from District of Columbia Code § 24-442, a

---

[12] *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

[13] *Delta Savings Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001) (*citing* 28 U.S.C. §§ 1346(b), 2674).

[14] *See* 28 U.S.C. § 1346(b).

[15] *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955); *Olson v. United States*, 546 U.S. 43, 46–47 (2005).

[16] *Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995) (citations omitted).

[17] *Id.*

[18] ECF No. 25 at 3. Both parties appear to agree for the purposes of this motion that District of Columbia law applies to Portillo's claims. *See id.*, ECF No. 26 at 2.

3

law that no longer exists.[19] The only precedential support Portillo gives for this duty is a 1997 case involving alleged medical malpractice on an incarcerated plaintiff.[20] And Portillo fails to make the connection between the questionably existent duty for DOC officials to provide reasonable care in the safekeeping of prisoners, like by providing medical care, and his allegations that BOP officials improperly calculated the length of his sentence.

Even if Portillo's alleged state-created duty existed and applied in these circumstances, the FTCA is not a vehicle for claims based on state laws that impose liability on municipalities, states, or public employees.[21] It waives immunity for torts that *private* individuals in like circumstances can be held liable for. And Portillo provides no authority to suggest that there is a private analogue to the D.C. Code provision he references or to the BOP actions he complains of—perhaps because there isn't one.

A similar case from the Second Circuit is informative. In *McGowan v. United States*, McGowan, after a lengthy incarceration in federal prison for arson, was transferred to a Residential Reentry Center in Brooklyn, New York.[22] From there he published an article on the Huffington Post website under his own byline.[23] Shortly after the article appeared online, the Residential Reentry Manager at the BOP determined that McGowan had violated a prison regulation prohibiting prisoners from posting articles with their names in the byline, and remanded him back to federal prison for the violation.[24] Unbeknownst to the manager, the BOP had rescinded that particular regulation as a result of a successful First Amendment challenge in

---

[19] *See* D.C. Code § 24-211.02.

[20] *See Herbert v. District of Columbia*, 691 A.2d 1175 (D.C. 1997), *reh'g en banc granted, judgment vacated*, 698 A.2d 1017 (D.C. 1997), *opinion reinstated in part on reh'g*, 716 A.2d 196 (D.C. 1998).

[21] *United States v. Olson*, 546 U.S. 43, 45–46 (2005).

[22] *McGowan v. United States*, 825 F.3d 118, 122 (2d Cir. 2016).

[23] *Id.*

[24] *Id.*

federal court.[25] Once the manager was told of the mistake, she expunged the violation and transferred McGowan back to the residential reentry center.[26]

McGowan sued the United States under the FTCA for negligence and false imprisonment. McGowan argued that wrongful confinement, a tort that runs against municipalities and their employees under New York law, was analogous to his false-imprisonment claim.[27] The Second Circuit held that there was no private analogue for such a tort, because "private persons cannot establish facilities to detain other persons—only the government can, either on its own or through a governmental contractor. In short, there is no circumstance in state tort law that is analogous to the situation here."[28]

Portillo's claim suffers from the same defect as McGowan's. The authority to detain other persons and determine the length of their sentences is a uniquely governmental function that has no private analogue. Portillo does not offer, and I cannot imagine, any like circumstances that would expose a private individual to tort liability. Both of Portillo's claims suffer from this defect, as he uses the BOP's failure to follow Judge Lamberth's order and its subsequent miscalculation of his sentence as the factual assertion underlying both claims. Any leave to allow him to replead an FTCA claim would be futile because Portillo can add no facts that would transform the BOP's actions into ones that have a private analogue. Because Portillo's complaint does not properly fall under the FTCA, the United States has not waived sovereign immunity under the FTCA, and I therefore lack subject matter jurisdiction over his lawsuit. Because I lack jurisdiction and dismiss on this basis, I do not consider the BOP's alternative arguments for dismissal.

---

[25] *Id.*

[26] *Id.*

[27] *Id.* at 126.

[28] *Id.* at 127.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss **[ECF No. 22] is GRANTED**, and this case is **DISMISSED** for lack of jurisdiction. The **Clerk of Court** is directed to **CLOSE THIS CASE.**

DATED: January 22, 2018.

_____
U.S. District Judge Jennifer A. Dorsey